Jose R. Solano
5502 Dobbs St. #74
Los Angeles, CA 90032
626-258-7688

Page 1 of 4

**FILED**
DEC 08 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

Jose R. Solano
PLAINTIFF

vs.

Magnum Property Investments LLC, Lane Nussbaum
Rene Wilson, & Riverside County Sheriff Dept.
DEFENDANTS

Bankruptcy Case No: 2:16-bk-26833-VZ

Chapter: 7

Adv. Proc. No: _____

# ADVERSARY PROCEEDING

11 U.S.C. § 362(k) - Violation of Automatic Stay
Rule 7001(2), Action to obtain an injunction or other Equitable Relief,
Rule 7001(9), Action to obtain an Declaratory Relief

**JURY TRIAL DEMANDED**

**COMPLAINT FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY
(WITH MOTION FOR IMMEDIATE HEARING & INJUNCTIVE RELIEF)**

## I. INTRODUCTION TO THE CASE:

1.      This is an Adversary Proceeding brought by      Jose R. Solano      ("Plaintiff") against all listed Defendants      ("defendant") for immediate injunctive relief for wailful and intentional violations of the Automatic Stay in this bankruptcy case. Defendant's willful violation of the automatic stay caused plaintiff sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.  Plaintiff request and is enticed to **_punitive damages_**

## II. NATURE OF THE CLAIM

2. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (see In re Gruntz, 202 F.3d 1074, 1081 (9th Cir.2000); In re Goodman, 991 F.2d 613, 617 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the      California Central District      Bankruptcy Court in this adversary proceeding.  Plaintiff reserves the right to withdraw any non-core claims to the U.S. District Court

## III. JURISDICTION & VENUE

3. This court has jurisdiction over this Adversary proceeding pursuant to Part VII, Rule 7001 and in particular, under Rule 7001(1) a proceeding to recover money or property, under Rule 7001(2), and action to obtain an injunction or other equitable relief, suit to obtain a declaratory judgment pursuant to Bankrupty Rule 7001(9) Jurisdiction of this court over this matter is invoked pursuant to 28 U.S.C §157(b)(2)(k), 28U.S.C. §157(b)(2)(b), 28 U.S.C. §157(b)(2)(1)(B), under 28 U.S.C. §157(b)(2)(o) This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11. **Venue** is proper because defendant attempted to collect from plaintiff while he was under the protection of the Bankruptcy Court's automatic stay.

# STATEMENT OF FACTS:

5. Plaintiff Jose R. Solano filed Chapter bankruptcy in case number 2:16-bk-26833 in the District of California on 12/27/2016

6. Defendant Magnum Property Investments LLC (MPI) is a Limited Liability Corporation and its registered agent has or will be served is at: CSC - LAWYERS INCORPORATING SERVICE (C1592199)

Rene Wilson, & Riverside County Sheriff:   Riverside County Sheriff Court Services
4095 Lemon St. 4th Floor
Riverside, CA 92501

7. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

8. Defendant received actual notice of the automatic stay in plaintiff's case from the bankruptcy noticing center and from plaintiff multiple times, including by mail, fax, and over the phone.

9. After receiving actual notice of the automatic stay, defendant intentionally harassed plaintiff with calls and or letters to pay its pre-petition debt and the following coercive collection actions:

## ACTS WHICH VIOLATED THE AUTOMATIC STAY

Defendant MPI attempted to collect on an alleged judgement on 1/16/20. Plaintiff informed the Riverside County Sheriff Department via Defendant Wilson of the automatic stay due to Plaintiff's active bankruptcy case. On 2/4/20 the levy officer issued a Notice of Termination of Earnings Withholding Order (EWO). On 5/8/20 Defendant MPI issued a Notice of Termination of Stay.  Defendant maliciously attempted to pretend this Lift of Stay was for the Defendant when in fact it was not. On 6/19/20 Plaintiff was garnished $1068.87 from their paycheck. On 7/9/20 Plaintiff received notice from employer that a another garnishment would take place on 7/17/20. On 7/10/20 Plaintiff informed all defendants that an automatic stay was still in effect. On 9/25/20 Defendant R Wilson re-instated the EWO. Plaintiff received the re-instatement on 11/12/20. On 11/13/20 Plaintiff received a copy of Defendant's MPI letter to Defendant Wilson informing Defendant that one cannot modify a bankruptcy plan to include debts after filing. On 11/16/20 Plaintiff wrote to Defendant Wilson how Defendant Nussbaum was operating under the color of law. Defendant Wilson reinstated the EWO. On 12/2/20 Plaintiff was garnished $1075.

10. Defendant's conduct as alleged above caused plaintiff sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

11. The bankruptcy notice provided to defendant warned that violating the automatic stay could subject it to penalties.

12. Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy. Defendant Nussbaum was operating under color of law and bypassing the courts

13. Defendant Nussbaum has maliciously attempted several times to violate the lift of stay by coercing the Riverside Sheriff Department and bypass the Bankruptcy Court. Defendant Nussbaum mistakenly stated Plaintiff can not modify a bankruptcy plan after filing. Plaintiff does not have a plan because he is in Chapter 7, not Chapter 13.

## STATEMENT OF FACTS:

**CAUSE OF ACTION**

(11 U.S.C. § 362(k))

Plaintiff incorporates the allegations above by reference.

14.  Defendant's violation of 11 U.S.C. § 362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law was not a defense.

15.  Under 11 U.S.C. § 362(k), plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from defendant in amounts to be decided by the Court.

16.  Defendants have violated Plaintiff's Civil Rights under 42 U.S.C. § 1983 and conspired under 42 U.S.C. § 1985.

# PRAYER FOR RELIEF

16. After a stipulation or determination that defendant willfully violated the automatic stay, plaintiff seeks relief as follows:

   A. **Money Judgment** in favor of plaintiff Jose R. Solano against defendants for violating the stay actual damages and punitive damages, and,

   B. **Money Judgment** for attorney in favor of the law firm representing this case and against defendant for reasonable fees and costs incurred prosecuting this adversary proceeding.

Plaintiff also seeks any equitable relief this Court may determine is fair.

Plaintiff may intend to amend this complaint to include additional claims as new information about defendant's dialing system is learned through discovery.

RESPECTFULLY SUBMITTED,

_/s/ Jose R. Solano_
Jose R. Solano
5502 Dobbs St. #74
Los Angeles, CA 90032
626-258-7688

**JURY TRIAL DEMANDED**

**Dated:** 12/8/2020

PRAYER FOR RELIEF

**REQUEST FOR SERVICE**

Please serve defendants at the following addresses:

CSC - LAWYERS INCORPORATING SERVICE (C1592199)

Magnum Property Investments, LLC
27489 Agoura Rd. Ste 201
Agoura Hills, CA 91301

Lane Nussbaum
Nussbaum APC
27489 Agoura Rd. Ste 102
Agoura Hills, CA 91301

Rene Wilson c/o
Riverside County Sheriff Court Services
4095 Lemon St. 4th Floor
Riverside, CA 92501

Riverside County Sheriff
4095 Lemon St. 4th Floor
Riverside, CA 92501

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jose R. Solano | **DEFENDANTS**<br>Magnum Property Investments LLC, Lane Nussbaum, Rene Wilson, & Riverside County Sheriff Dept |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro Se | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recover of Property; Recovery of Money Property; Fraudulent Transfer, Complaint to Determine Validity, Priority of Extent of Lien pursuant to Bankruptcy Rule 7001(2); Complaint for Injunctive Relief pursuant to Bankruptcy Rule 7001(7); Complaint for FRAUD, Negligent Misrepresentation; Complaint for Declaratory Relief pursuant to FRBP 7001(9) & 28 USC 2201, Fair Debt Collections Practices Act (15 U.S.C §1692 et seq), Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et seq)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☒ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☒ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| (continued next column) | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

RECEIVED DEC 08 2020 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Jose R. Solano | BANKRUPTCY CASE NO.<br>2:16-bk-26833-vz | | |
| DISTRICT IN WHICH CASE IS PENDING<br>California Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Zurzolo | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br><br>Jose R Solano | DEFENDANT<br>Magnum Property Investments LLC, Lane Nussbaum Rene Wilson, & Riverside County Sheriff Dept | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* | | | |
| DATE<br><br>12/8/20 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jose R. Solano | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.